UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HOWARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:16CV1084 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Derrick Howard's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 1, 2016. (ECF No. 2).

## BACKGROUND

On July 29, 2004, Movant was charged by superseding indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and punishable under 18 U.S.C. § 924(e). (*See United States v. Derrick Howard*, Case No. 4:04CR113 JCH, ECF No. 55). Specifically, the indictment listed the following prior convictions: (1) Assault Second Degree, in cause number CCR-567644, in the Circuit Court of St. Louis County, Missouri; (2) Sale of a Controlled Substance, in cause number 90CR4314, in the Circuit Court of St. Louis County, Missouri; and (3) Conspiracy to Distribute in Excess of Five Hundred Grams of Cocaine, in cause number 4:99CR486 (CAS), in the United States District Court for the Eastern District of Missouri.

On October 4, 2004, Movant pleaded guilty to the single count indictment. (*See United States v. Derrick Howard*, Case No. 4:04CR113 JCH, ECF Nos. 69, 70). On April 1, 2005, the

Court sentenced Movant as an Armed Career Criminal to 120 months imprisonment, to be followed followed by a three-year term of supervised release. (*Id.*, ECF No. 85). Movant did not appeal his his conviction or sentence.

On March 27, 2006, Movant filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (*See Howard v. United States*, Case No. 4:06CV517 JCH, ECF No. 1). On May 11, 2007, this Court denied Movant's § 2255 Motion without prejudice, as Movant raised no grounds for relief in the motion. (*Id.*, ECF No. 6).

As stated above, Movant filed the instant § 2255 Motion on July 1, 2016, asserting that his sentence should be reduced following the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## DISCUSSION

As stated above, in his § 2255 Motion Movant claims that his sentence should be reduced following the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). 18 U.S.C. § 924(e)(1) provides that any defendant who violates 18 U.S.C. § 922(g), and has three prior convictions for a violent felony or a serious drug offense (or both), is subject to a fifteen-year mandatory minimum sentence. Three clauses in the statute define the types of crimes that qualify as violent felonies: (1) the "elements" clause, including crimes that have as an element "the use, attempted use, or threatened use of physical force against the person of another"; (2) the "enumerated offenses" clause, including the crimes of "burglary, arson, or extortion, [or those involving the] use of explosives"; and (3) the "residual clause", including crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague, vague, and thus increasing a defendant's sentence under the clause violated the Constitution's

guarantee of due process of law. *Johnson,* 135 S.Ct. at 2557, 2563.[1] The Court noted, however, that however, that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

In his motion, Movant apparently concedes that his prior convictions for sale of a controlled substance, and conspiracy to distribute in excess of five hundred grams of cocaine, count as predicate qualifying offenses under 18 U.S.C. § 924(e)(2)(A). He contends that post-*Johnson*, however, his conviction for assault second degree does not qualify him for the ACCA's enhanced penalty. (§ 2255 Motion, P. 4). Upon consideration the Court disagrees.

"The assault conviction of [Movant] is an elements clause violent felony, and is not an offense referenced in the residual clause which could be determined as repugnant." *Byrd v. United United States*, Case No. 1:16CV103 HEA, 2017 WL 1329474, at *2 (E.D. Mo. Apr. 11, 2017). Under *Descamps v. United States*, 133 S.Ct. 2276, 2287 (2013), Missouri Second Degree Assault is is a divisible statute, as it has separate types of offense conduct that may be charged under the statute. *Id.* A review of the Information from State court allows for the determination of which type type of offense conduct Movant was charged and convicted. Here, the Information charges that Movant "knowingly caused physical injury to Dione Neal, by means of a dangerous instrument." (*See* ECF No. 12-1, P. 5). Movant thus was charged and convicted under the subsection that permits permits a conviction for knowingly causing physical injury to another person by means of a deadly deadly weapon or dangerous instrument. As such, "with physical force as an element of the offense, offense, the conviction for Missouri Second Degree Assault was an elements clause violent felony felony and not offensive to the ruling in *Johnson*." *Byrd*, 2017 WL 1329474, at *2. Thus, post-

---

1 In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson* is a substantive one, and therefore applies retroactively on collateral review.

post-*Johnson* Movant continues to have the three predicate offenses required for classification as an an armed career criminal, and so his § 2255 Motion must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 2) is **DENIED,** and his claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this ___7th___ Day of December, 2017.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE